UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          JS-6

| Case No. | CV 13-03863-CAS (JCx) | Date | July 25, 2013 |
|---|---|---|---|
| Title | NBG PROPERTIES, LLC V. ALFRED DISTEFANO, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**          **(In Chambers:) ORDER REMANDING CASE TO THE LOS ANGELES COUNTY SUPERIOR COURT**

## I.      INTRODUCTION

On April 25, 2013, plaintiff NGB Properties, LLC, filed an unlawful detainer action in the Los Angeles County Superior Court against defendants Alfred and Daryl Distefano.

On May 30, 2013, defendants filed a notice of removal to this court pursuant to 28 U.S.C. § 1446. In their notice of removal, defendants contend that this Court has diversity jurisdiction. 28 U.S.C. § 1332. They further maintain that federal question jurisdiction exists, as this case implicates federal bankruptcy laws and due process concerns under the Fourteenth Amendment of the United States Constitution.

On June 25, 2013, the Court issued an order to show cause why this case should not be remanded for lack of subject matter jurisdiction. To date, no response has been received.

## II.      ANALYSIS

After reviewing defendants' notice of removal, the Court finds that it lacks jurisdiction over the instant case. First, the Court lacks jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332. Plaintiff alleges in its complaint that it is a limited liability company organized pursuant to California law. Defendants offer no evidence to the contrary, and maintain that they too are California residents. Moreover, the amount in controversy does not appear to exceed the jurisdictional minimum of $75,000. 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                                   JS-6

| Case No. | CV 13-03863-CAS (JCx) | Date | July 25, 2013 |
|---|---|---|---|
| Title | NBG PROPERTIES, LLC V. ALFRED DISTEFANO, ET AL. | | |

§ 1332(a).  In unlawful detainer actions, the title to the property is not at issue—only the right to possession.  See Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977).  As such, the amount in controversy is determined by the amount of damages sought in the complaint, rather than the value of the subject real property.  Id.  Here, plaintiff expressly disclaims any entitlement to relief in excess of $10,000.  See Dkt. No. 1, Ex. B. Accordingly, the Court lacks jurisdiction based on diversity of citizenship.

Second, cases raising a question "arising under the Constitution, laws, or treaties of the United States" may be removed to federal court.  28 U.S.C. § 1331.  Whether a case arises under federal law is generally determined by the well-pleaded complaint rule: "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."  California Shock Trauma Air Rescue v. State Comp. Ins. Fund, 636 F.3d 538, 541 (9th Cir. 2011) (citations omitted).  A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail.  McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the complaint asserts only a single state law claim for unlawful detainer, which does not give rise to a federal question.  See Dkt. No. 1. Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").  Defendant cannot create federal subject matter jurisdiction by raising a defense under the Fourteenth Amendment to the U.S. Constitution or other federal law.  See McAtee, 479 F.3d at 1145.  Accordingly, the Court also lacks subject matter jurisdiction based on a federal question.

## III.   CONCLUSION

In accordance with the foregoing, this case is hereby REMANDED to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |